## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

HUNTER MCFERREN AND
COURTNEY MCFERREN,

                *Plaintiffs*,

*v.*

                CAUSE NO. 3:25-CV-337-CWR-LGI

CFMOTO POWERSPORTS, INC.;
HATTIESBURG CYCLES, INC.; ABC,
DEF, GHI, AND JON DOES 1-5

                *Defendants*.

### ORDER

Before the Court are Plaintiffs' motion to remand and Plaintiffs' supplemental motion to remand. Docket Nos. 7 and 24. After considering the allegations, arguments, and applicable law, the Court finds that Hattiesburg Cycles, Inc. ("Hattiesburg Cycles") is an "innocent seller" under the Mississippi Products Liability Act ("MPLA"). Hattiesburg Cycles was improperly joined as an in-state defendant to defeat diversity jurisdiction. Plaintiffs' motions to remand are denied, and Hattiesburg Cycles is dismissed as a defendant.

### I.    Factual and Procedural History

Hunter McFerren bought a CForce 500 ATV, which was manufactured by CFMOTO Powersports, Inc. ("CFMOTO"), from Hattiesburg Cycles on or about September 23rd, 2022. A few days later, on September 28th, McFerren claims that he was driving his new ATV when the left front suspension system broke. As a result, McFerren says that he was thrown from the ATV and seriously injured.

Mr. McFerren, along with his wife Courtney McFerren, filed suit against CFMOTO, Hattiesburg Cycles, ABC, DEF, GHI, and John Does 1-5 in the Circuit Court of Smith County, Mississippi on March 17, 2025. The McFerrens alleged claims of strict liability, products liability, negligence, and breach of warranties. CFMOTO timely filed a Notice of Removal with this Court on May 8, 2025. Docket No. 1.

Both Parties agree that the amount in controversy exceeds $75,000, yet they disagree about whether there is complete diversity of citizenship. Defendant CFMOTO is a citizen of Minnesota. Plaintiffs and one of the Defendants, Hattiesburg Cycles, are citizens of Mississippi. CFMOTO, however, argues that the citizenship of Hattiesburg Cycles should be ignored when determining whether there is complete diversity. CFMOTO asserts that Hattiesburg Cycles was improperly joined to defeat federal diversity jurisdiction. CFMOTO argues this is because Plaintiffs have no state cause of action against Hattiesburg Cycles due to the "innocent seller" provision of the MPLA, Miss. Code Ann. § 11-1-63.

Plaintiffs disagree. The McFerrens maintain there is a colorable basis for their claims against Hattiesburg Cycles. On May 22, 2025, they filed a motion to remand. Docket No. 7. Subsequently, the Plaintiffs conducted remand-related discovery and then filed a supplemental motion to remand on July 31, 2025. Docket No. 24.

## II.    Legal Standard

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (quotation marks and citation omitted). "The district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different

states." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (citing 28

U.S.C. § 1332).

In this case, it is evident that the amount in controversy exceeds $75,000. The issue is

whether the in-state defendant has been improperly joined to defeat diversity jurisdiction.

The Fifth Circuit has stated succinctly the law of improper joinder:

> The improper joinder doctrine constitutes a narrow exception to the rule of
> complete diversity. We have previously stated, but it bears emphasizing again,
> that the burden of demonstrating improper joinder is a heavy one. To establish
> a claim for improper joinder, the party seeking removal must demonstrate
> either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of
> the plaintiff to establish a cause of action against the non-diverse party in state
> court. Under this second prong, we examine whether the defendant has
> demonstrated that there is no possibility of recovery by the plaintiff against an
> in-state defendant, which stated differently means that there is no reasonable
> basis for the district court to predict that the plaintiff might be able to recover
> against an in-state defendant.

*McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) (cleaned up). As in *McDonal*,

Defendants' allegations of improper joinder fall under the second prong only.

"A district court should ordinarily resolve a[n] improper joinder by conducting a Rule

12(b)(6)-type analysis." *Id*. at 183 n.6. "That said, there are cases, hopefully few in number, in

which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would

determine the propriety of joinder. In such cases, the district court may, in its discretion,

pierce the pleadings and conduct a summary inquiry." *Smallwood v. Illinois Cent. R. Co.*, 385

F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted). But "any contested issues of facts

and any ambiguities of state law must be resolved in the [non-removing party's] favor."

*Cuevas*, 648 F.2d at 249 (citation omitted).

III.   **Discussion**

Plaintiffs believe they can reasonably recover against Hattiesburg Cycles under Mississippi state law. Defendant Hattiesburg Cycles insists it is an innocent seller. Under the MPLA, the seller or designer of a product is not liable unless the seller or designer:

> [1] exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or [2] the seller or designer altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or [3] the seller or designer had actual or constructive knowledge of the defective condition of the product at the time he supplied the product.

Miss. Code Ann. § 11-1-63(h) (brackets added). The purpose of this subsection is "to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product." *Id*. The matter, thus, turns on whether Defendant Hattiesburg Cycles did more than sell the subject ATV.

Hattiesburg Cycles, however, explains that it did not have substantial control over the designing, testing, manufacturing, packaging or labeling of the subject ATV. *See* Affidavit of William Moore, CEO of Hattiesburg Cycles, Exhibit B, Docket No. 15-2.  The Complaint also does not allege that Hattiesburg Cycles altered or modified the subject ATV in a substantial way. There is also no evidence that Hattiesburg Cycles had constructive or actual knowledge of deficiencies in the subject ATV.

Citing the Vehicle Pre-Inspection Delivery form that the company completed, Plaintiffs suggest that Hattiesburg Cycles "did more than sell the ATV." Docket No. 7 at 4. Hattiesburg Cycles, for example, "un-crated, inspected, tested, and ultimately sold the ATV" and "performed a road test, vehicle inspection, checked and made adjustments to the suspension and steering system, inspected all cotter pins and fasteners, tightened every single nut and bolt on the ATV, and torqued all fasteners listed in the Assembly Service

Guide." *Id*. at 5; *see also* Vehicle Pre-Delivery Form, Exhibit A, Docket No. 7-1. Taken together,

Plaintiffs assert that Hattiesburg Cycles did more than sell the subject ATV, so they have a

cause of action against this in-state defendant. Docket No. 7 at 5 ("These facts support a

reasonable basis to impose liability on [Hattiesburg Cycles] for negligent inspection and

breach of the duty of care owed to the end user, including the Plaintiff.").

Despite Plaintiffs' general allegations, Hattiesburg Cycles is an innocent seller under

this district's precedent in *Murray v. General Motors*. No. 3:10-cv-188-DPJ-FKB, 2011 WL 52559

(S.D. Miss. Jan. 7, 2011). Like the case at bar, *Murray* was a products liability case where

plaintiffs alleged that a dealer sold a defective automotive product. *Id*. at *1. The *Murray*

plaintiffs, as the McFerrens have here, sued the manufacturer and local dealer. The court

found that the local dealer was an innocent seller under the MPLA and that the dealer was

improperly joined to defeat diversity jurisdiction. *See id.* at *5. Plaintiffs seemingly have no

response to this case. Despite the case's relevance, as well as Defendants citation to the case,

Plaintiffs failed to address this case in their initial motion to remand, their supplemental

motion to remand, or in any of their replies. *See* Docket Nos. 7, 14, 29, 30.

This Court finds that *Murray* governs the resolution of this issue. *See also Murray v.

General Motors, L.L.C.*, 478 F. App'x 175 (5th Cir. 2012) (affirming the district court's

determination of an innocent seller under the MPLA). Hattiesburg Cycles is an innocent seller

from whom Plaintiffs cannot recover in this matter. *See also Jones v. Polaris Industries, Inc.*, No.

1:12-cv-44-B-S, 2013 WL 1193740, at *2 (S.D. Miss Mar. 22, 2013) (finding that an ATV dealer

was an innocent seller under the MPLA); *Braswell v. Invacare Corp.*, No. 4:09-cv-CWR-LA, at

*1, (S.D. Miss. Jan. 19, 2011) (discussing the innocent seller exemption under the MPLA).

Plaintiffs have improperly joined Hattiesburg Cycles to defeat diversity jurisdiction. Plaintiffs' initial motion to remand is denied.

After the parties conducted remand-related discovery, Plaintiffs filed a supplemental motion to remand. Docket No. 24. In further support of remand, Plaintiffs refer to the 2023 Setup Instructions that Defendant CFMOTO provides to dealers, like Hattiesburg Cycles. Docket 24 at 4-5. The instructions depict the process for installing the front shock absorber of ATVs. *Id*. Plaintiffs now claim that a dealer, like Hattiesburg Cycles, could have improperly installed the front shock absorber, which may have affected the suspension system that caused McFerren's injuries. *Id*. Plaintiffs, therefore, conclude that Hattiesburg Cycles did more than sell the subject ATV and is not shielded from liability under the MPLA's innocent seller provision.

Plaintiffs, however, raised this claim for the first time in their supplemental motion for remand. Docket No. 24 at 5. "The Court determines removal jurisdiction by looking to the claims in the state court petition as they existed at the time of removal." *Mr. Charley's Fun Jumps, LLC v. JRK Residential Grp., Inc.*, No. 3:12-cv-703-CWR-LRA, 2013 WL 3543685, at * 2 (S.D. Miss. July 11, 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 275 F.3d 720, 723 (5th Cir. 2002)) (quotation marks omitted and emphasis in original). "This claim cannot be considered here, as it was made in a post-removal filing." *Divinity v. Allstate Ins. Co.*, No. 3:17-cv-622-CWR-FKB, 2017 WL 11562661, at *1 (S.D. Miss. Oct. 12, 2017); *see also Murray*, 478 F. App'x at 181 n. 9. Plaintiffs' supplemental motion, thus, is not considered by the Court.

IV.    **Conclusion**

The Court finds Hattiesburg Cycles is an innocent seller. There is no reasonable basis that Plaintiffs could recover against Hattiesburg Cycles. Plaintiffs' motion to remand and

Plaintiffs' supplemental motion to remand, Docket Nos. 7 and 24, are denied. Hattiesburg

Cycles is dismissed as a defendant.

      **SO ORDERED**, this the 9th day of March, 2026.

s/ Carlton W. Reeves      
UNITED STATES DISTRICT JUDGE
